**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION**

| | |
|---|---|
| CHRISTOPHER L. BAKER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MISSOURI DEPT. OF CORRECTIONS, et al., ) <br> ) <br> Defendants. ) | Case No. 2:25-cv-00032-JSD |

**AMENDED MEMORANDUM AND ORDER**

Self-represented Plaintiff Christopher L. Baker brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights. The matter is now before the Court on Plaintiff's motion for leave to proceed without prepayment of the required filing fees and costs (ECF No. 2), motion to appoint counsel (ECF No. 6), and motion for issuance of emergency mediation discussions (ECF No. 4). Having reviewed the motion to proceed without prepayment of fees and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $350.00. *See* 28 U.S.C. § 1915(b)(1). The requests for counsel and emergency mediation discussions will be denied. As Plaintiff is now proceeding *in forma pauperis*, the Court must review his Complaint under 28 U.S.C. § 1915. Based on such review, the Court will order Plaintiff to file an amended complaint.

**Initial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the

prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id*.

Plaintiff is a prisoner at Moberly Correctional Center in Moberly, Missouri. (ECF No. 1). In support of his motion to proceed without prepaying fees and costs, Plaintiff submitted an inmate account statement showing average monthly deposits of $200.16, and an average monthly balance of $1,825.15 over the six-month period prior to case initiation. (ECF No. 8). The Court finds that Plaintiff has insufficient funds in his prison account to pay the entire fee and will therefore assess an initial (and full) filing fee[1] of $350.00, which is twenty percent of Plaintiff's average monthly balance. *See* 28 U.S.C. § 1915(b)(1).

## Legal Standard on Initial Review

To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The

---

[1] The fee for bringing a civil action in this Court is $405.00, which includes a statutory filing fee of $350.00 and an administrative fee of $55.00. *See* 28 U.S.C. § 1914(a). The $55.00 administrative fee does not apply to persons granted *in forma pauperis* status under 28 U.S.C. § 1915. The Court previously issued a Memorandum and Order related to these motions on June 5, 2025, (ECF No. 7) that had an erroneous filing fee calculation. The Court hereby vacates the Memorandum and Order of June 5, 2025, and enters this Memorandum and Order to correct and clarify this Court's rulings and the amount required from Plaintiff.

court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that the court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background**

On April 3, 2025, Plaintiff filed the instant civil rights action against the Missouri Department of Corrections (MDOC), MDOC Director Trevor Foley, and Deputy Director Ryan Crews. (ECF No. 1). The complaint alleges that he is being detained in the custody of MDOC beyond his release date. *Id*.

Based on an independent review of Plaintiff's state court proceedings on Missouri Case.net, the State of Missouri's online docketing system, Plaintiff had several criminal cases over the past six years which resulted in guilty pleas or verdicts resulting in sentences of imprisonment in MDOC. Only those cases relevant to Plaintiff's claims are discussed herein.

On October 26, 2022, Plaintiff pled guilty to Driving While Revoked/Suspended as a repeat offender in two cases. *State v. Baker*, 19HE-CR00664-01 and *State v. Baker*, 20HE-CR00493-01. Plaintiff was sentenced on the same day in both cases to five-year sentences to run consecutively. On June 17, 2024, the state court vacated the sentences and remanded for new sentencing. Plaintiff was subsequently sentenced to six months but was credited for time served.

On March 26, 2024, Plaintiff was found guilty of Resisting/Interfering with Arrest for a Felony. *State v. Baker*, 23HE-CR00382-01. On June 6, 2024, Plaintiff was sentenced to serve three years in MDOC for this offense. This resulted in a brief overlap of the time that Plaintiff was serving time for separate cases before his prior sentences were vacated. Plaintiff is now in prison because of his conviction for Resisting/Interfering with Arrest for a Felony. Plaintiff asserts that he should be given credit for the prior and unrelated criminal sentences that were vacated towards his current sentence. (ECF No. 1 at 4-5). Plaintiff states that because he has not been credited with this time, "they violated my const. rights. They can either credit time and release me or compensate me." (*Id.* at 5). Plaintiff seeks damages in the amount of $179 per day for the 592 days that Plaintiff alleges he was unlawfully held in MDOC. Plaintiff has also filed a Petition for Habeas Corpus in state court. *Baker v. Ratliff*, 25RA-CV00476.

4

**Discussion**

Having thoroughly reviewed and liberally construed Plaintiff's complaint, the Court concludes that Plaintiff's claims are subject to dismissal. However, in consideration of Plaintiff's self-represented status, the Court will allow him to file an amended complaint.

**A.  Immediate Release**

To the extent Plaintiff brings this action seeking immediate release from confinement, such relief is not available under § 1983. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005)(explaining that Supreme Court "has held that a prisoner in state custody cannot use a [42 U.S.C.] § 1983 action to challenge the fact or duration of his confinement"); *Adams v. Agniel*, 405 F.3d 643, 644-45 (8th Cir. 2005) (explaining that a habeas action is the proper vehicle for a prisoner to challenge the legality of his sentence or seek immediate or speedier release); *Otey v. Hopkins*, 5 F.3d 1125, 1130 (8th Cir. 1993) (stating that when "a prisoner directly attacks the validity of his sentence, the proper vehicle is a habeas corpus action").

Should he opt to pursue federal habeas relief, Plaintiff is advised that federal courts lack jurisdiction over state habeas matters unless the inmate "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). *See Travis v. Lockhart*, 925 F.2d 1095, 1097 (8th Cir. 1991) (finding petitioner's claim for jail time credit under a state statute was "a matter of state concern and not a proper function of a federal court under its habeas corpus jurisdiction").

### B. Claims against MDOC

Plaintiff's claims against the MDOC are not cognizable and are subject to dismissal. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). States or governmental entities that are considered "arms of the State" are not considered to be "persons" under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989). Moreover, the Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007).

### C. Claims against Defendants Foley and Crews

Plaintiff sues Defendants Foley and Crews in their official and individual capacities. His official-capacity claims fail because § 1983 provides for relief against "persons" acting under color of state law, and state officials acting in their official capacities are not "persons" under § 1983. *Will*, 491 U.S. 58 at 71.

As for his individual-capacity claims, Plaintiff must show how each named defendant was causally linked to, and directly responsible for, a deprivation of his rights. *See S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015) ("Government officials are personally liable only for their own misconduct"). "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff).

Plaintiff's complaint states that Defendants Foley and Crews held Plaintiff unlawfully for 592 days. However, Plaintiff fails to plead any facts alleging that the defendants were personally and directly responsible for the alleged deprivation of his rights. A supervisor may not be held liable under § 1983 solely on the basis of their position or under a theory of respondeat superior. *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) ("[A] general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability."). To state a claim against a supervisory official in their individual capacity, a plaintiff must plausibly allege that the official was personally involved in the constitutional violation or that they had notice of a pattern of unconstitutional conduct and deliberately failed to act. *See Livers v. Schenck*, 700 F.3d 340, 355-56 (8th Cir. 2012). Here, Plaintiff does not allege that Defendants Foley or Crews were personally involved in denying his jail time credit or holding him "unlawfully." Accordingly, Plaintiff's claims against Defendants Foley and Crews in their individual capacities are subject to dismissal.

**Instructions for Filing Amended Complaint**

In consideration of Plaintiff's self-represented status, the Court will give him the opportunity to submit an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so it must include all claims Plaintiff wishes to bring. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005).

Plaintiff's failure to make specific factual allegations against any defendant will result in the dismissal of that defendant. If Plaintiff is suing a defendant in their individual capacity, he must allege facts demonstrating that defendant's personal responsibility for the alleged harm. *See*

7

*Madewell*, 909 F.2d at 1208 (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). If Plaintiff is suing multiple defendants, he must establish the responsibility of each defendant for the alleged harm. For each defendant, Plaintiff must allege facts showing how that defendant's acts or omissions violated his constitutional rights. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014). Conclusory allegations about a defendant's supervisory role will not suffice. *See Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) ("[A] general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability.") (citation and internal quotation marks omitted).

In the "Statement of Claim" section, Plaintiff should begin by writing a defendant's name. In separate, numbered paragraphs under that name, Plaintiff should: (1) set forth the factual allegations supporting his claim against that defendant; (2) state what constitutional or federal statutory right(s) that defendant violated; and (3) state whether the defendant is being sued in his/her individual capacity or official capacity. If Plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant. No introductory or conclusory paragraphs are necessary.

Plaintiff must not amend a complaint by filing separate documents. Instead, he must file a single, comprehensive pleading that sets forth his claims for relief. If Plaintiff fails to file an amended complaint on a Court-provided form within thirty (30) days in accordance with the instructions set forth herein, the Court may dismiss this action without prejudice and without further notice to plaintiff.

8

**Motion to Appoint Counsel**

Plaintiff has filed a motion to appoint counsel. (ECF No. 2). In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted currently. Plaintiff has yet to file a complaint that survives initial review, so it cannot be said that he has presented non-frivolous claims. Additionally, this case appears to involve straightforward factual and legal issues, and there is no indication that Plaintiff cannot investigate the facts and present his claims to the Court. The Court may entertain future motions for appointment of counsel as the case progresses, if appropriate.

**Motion for Issuance of Emergency Mediation Discussions**

Plaintiff has filed a motion for issuance of emergency mediation discussions. (ECF No. 4). Plaintiff has not yet filed a complaint that survives initial review and no defendants in this

case have been served. Any discussion of dispute resolution is not ripe for review at this time. The motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the June 5, 2025, Memorandum and Order (ECF No. 7) is vacated.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 6) is **DENIED** at this time without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's motion for issuance of emergency mediation discussions (ECF No. 4) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff must pay the filing fee of $350.00 within **thirty (30) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) a statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff two blank Prisoner Civil Rights Complaint forms. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint on the Court-provided form in accordance with the instructions stated above within **thirty (30) days** of the date of this Order. Plaintiff is advised that his amended complaint will take the place of his original filing and will be the only pleading that this Court will review.

10

**IT IS FINALLY ORDERED** that if Plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 16th day of July, 2025.

JOSEPH S. DUEKER
UNITED STATES MAGISTRATE JUDGE